Pelkey v. The People.

## WILLIAM PELKEY
### v.
### THE PEOPLE, use, etc.

LEVY UPON EXEMPT PROPERTY—SCHEDULE.—Whether, the officer having given the defendant in execution three days after demand within which to make a schedule, a failure to present a schedule within that time would forfeit defendant's right of exemption, the court does not decide, but the officer having withdrawn that demand and given defendant further time, good faith required that he should give defendant time in which to schedule.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion on rehearing, filed May 31, 1882.

Messrs. HALEY & O'DONNELL, for the rehearing petition.

Mr. D. H. PINNEY, opposed to the petition.

PER CURIAM. This was a suit by appellee against appellant for illegal levy on exempt property brought in an action of debt on appellant's official bond.

The case was submitted to us at the last term of the court,

Pelkey v. The People.

and the judgment below affirmed.  It appeared in evidence, the appellant, the constable, demanded of appellee James Ingoldsby, property to satisfy the execution which he held against him, and gave appellee three days in which to make a schedule, but at about the time the three days had expired, went to Ingoldsby's house, and instead of making the levy, told him to go and see the plaintiff in execution with reference to making a settlement.

The next day, defendant in execution went to Joliet, eight miles distant, to see Bannon, the plaintiff in execution, for the purpose of settling with him ; but before he could do so, appellant made the levy on the property, a part being the horses taken by appellee to Joliet, while he was there, and afterward sold it, notwithstanding appellee made out a schedule before sale, showing all of the property to be exempt from execution.  It is claimed that because of the demand and the giving of three days' time to defendant in execution to make out his schedule, and the latter neglected, he forfeited his rights under the statute of exemptions.

While we are not prepared to say that such would not be the case if that were the only proof, yet inasmuch as the constable saw proper to withdraw that demand, and give appellee further time to see the plaintiff in execution, that good faith required that he should give him a reasonable time to make such schedule after the failure of the negotiations. The jury, from the evidence, may have found as we think they were authorized.

We do not think appellant's plea is made out by the proof, or at least the jury was competent to so find.   The demand upon which he relied having been withdrawn, his plea would fail.

Rehearing denied.